**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 1:16-cv-24730

STEVEN MORENO,

Plaintiff,

vs.

FITNESS INTERNATIONAL, LLC,
a Delaware limited liability company,
d/b/a LA FITNESS, and REALTY
INCOME PROPERTIES, INC., a
Maryland corporation,

Defendants.
_______________________________________/

**COMPLAINT**

Plaintiff, STEVEN MORENO (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues FITNESS INTERNATIONAL, LLC, a Delaware limited liability company, d/b/a LA FITNESS, and REALTY INCOME PROPERTIES, INC., a Maryland corporation (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq. ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, Southern Division pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Southern District of Florida in that all events giving rise to this lawsuit occurred in Miami-Dade County, Florida.

3 At the time of Plaintiff's visit to LA FITNESS prior to instituting the instant action, STEVEN MORENO (hereinafter referred to as "MORENO") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, as he is paraplegic and is confined to a wheelchair for mobility, the Plaintiff personally visited LA FITNESS but was denied full and equal access to, and full and equal enjoyment of, the facilities within LA FITNESS which is the subject of this lawsuit.

4. The Defendants, FITNESS INTERNATIONAL, LLC, a Delaware limited liability company, d/b/a LA FITNESS, and REALTY INCOME PROPERTIES, INC., a Maryland corporation, are authorized to conduct, and are conducting business within the State of Florida. Upon information and belief, FITNESS INTERNATIONAL, LLC, is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as LA FITNESS, located at 8555 SW 124th Avenue, Miami, Florida (hereinafter and heretofore referred to collectively as "LA FITNESS") which also maintains and controls the Subject Facility. Upon information and belief, REALTY INCOME PROPERTIES, INC., is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as LA FITNESS located at 8555 SW 124th Avenue, Miami,

Florida (hereinafter and heretofore the "Subject Facility") which also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Miami-Dade County in the Southern District.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs,

benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, LA FITNESS is a place of public accommodation in that it is a restaurant which provides goods and services to the public.

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

11. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

12. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at LA FITNESS in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at LA FITNESS. Prior to the filing of this lawsuit, the Plaintiff, who is a member of LA FITNESS and resides only a short fifteen (15) minute drive away, visited the Subject Property and was denied full and safe access to all the benefits, accommodations and services of the Defendant, FITNESS INTERNATIONAL, LLC. Prior to the filing of this lawsuit, MORENO personally visited LA FITNESS with the intention of using Defendants' facilities, but was denied full and safe access to all the facilities of LA FITNESS and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to immediately visit LA FITNESS upon it becoming ADA compliant, but continues to be injured and discriminated against due to the architectural barriers which remain at LA FITNESS all in violation of the ADA.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which

said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

15. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide an ADA compliant pool lift at large indoor whirlpool spa, in violation of Section 242.4 of the 2010 ADA Standards.

(ii) Various exercise machines in Subject Facility are not accessible, in violation of 28 C.F.R. Part 36, Section 4.2.

(iii) Self-service credit card machine/touchscreen, located on top of high sales counter, is inaccessible, in violation of 28 C.F.R. Part 36, Section 4.2.

(iv) The sales counter at indoor cafe is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(1), which requires that a portion of the main counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm) above the finish floor.

(v) The food/beverage bar counter at indoor cafe, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches above the finish floor.

(vi) The tables at indoor cafe area, are at inaccessible heights, in violation of 28 C.F.R. Part 36, Section 4.32.4.

(vii) Failure to provide an accessible soap dispenser in handicap accessible roll-in shower, as required by 28 C.F.R. Part 36, Section 4.2.

(viii) Failure to provide a paper towel dispenser in restroom, at an accessible height, as required by 28 C.F.R. Part 36, Section 4.22.7

(ix) Failure to provide an accessible soap dispenser, in handicap accessible stall in restroom, as required by 28 C.F.R. Part 36, Section 4.2.

(x) Failure to provide a toilet seat cover dispenser in restroom, at an accessible height, as required by 28 C.F.R. Part 36, Section 4.16.6.

(xi) Failure to provide ADA compliant signage at accessible stall, in violation of 28 C.F.R. Part 36, Section 4.30.

(xii) The small lockers, affixed to wall, used for storing members' keys/wallets, are at inaccessible heights, in violation of 28 C.F.R. Part 36.

(xiii) Failure to provide an accessible Purell hand sanitizer station, in violation of 28 C.F.R. Part 36, Section 4.2.

(xiv) Failure to provide a securely attached mat, located at "Kids Klub" area, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(xv) The cash register at indoor cafe, is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(xvi) Failure to provide ADA compliant signage at emergency exits, in violation of 28 C.F.R. Part 36, Section 4.30.

(xvii) Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(xviii) Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

(xix) Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "Van Accessible", as required by 28 CFR Part 36, Section 4.6.4 and Section 4.1.2 (5)(b).

(xx) Failure to provide an accessible exterior pathway from emergency exit, located at rear/right corner area of building, leading to a step down (with a non-compliant unsecured temporary wooden ramp), is in violation of 28 C.F.R. Part 36, Sections 4.3 and 4.8.1.

16. Upon information and belief, there are other current violations of the ADA at LA FITNESS and only once a full inspection is done can all said violations be identified.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation,

accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA;

B. The Court enter an Order requiring the Defendants to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

C. The Court enter an Order directing the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 13th day of November, 2016.

Respectfully submitted,

By: /S/ B. Bradley Weitz
B. Bradley Weitz, Esq.
Florida Bar No. 479365
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877
Email: bbw@weitzfirm.com